IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE DAWN PARRETT<br>974 Asa Flat Road<br>Annville, KY 40402<br><br>      **Plaintiff,**<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE ARMY<br>9275 Gunston Road<br>Fort Belvoir, VA 22060<br><br>      **Defendant.** | C.A. No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2014), for injunctive and other appropriate relief, seeking the release of agency records requested by Stephanie Dawn Parrett from the United States Department of the Army.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Stephanie Dawn Parrett ("Parrett") is a civilian employee of the United States Department of the Army.

4. Defendant the United States Department of the Army ("Defendant") is a military department within the United States Department of Defense. The Army is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## Facts

### The Army Conducted a Commander's Inquiry into Parrett's Allegations of Sexual Assault

5. Parrett was a civilian employee of the Blue Grass Chemical Agent-Destruction Pilot Plant ("BGCAPP"), located near Richmond, Kentucky, from January 2010 through July 2014, when she was transferred to the Blue Grass Chemical Activity.

6. On June 27, 2013, Parrett reported to her first-line supervisor, Site Project Manager Jeffrey Brubaker, that Deputy Site Project Manager Anthony Reed had repeatedly sexually assaulted her from October 2012 through June 2013.

7. In response to Parrett's report of sexual assault, the Army initiated a "Commander's Inquiry" on or about August 1, 2013. This management inquiry was conducted using procedures under Army Regulation 15-6.

8. According to Defendant, the investigation concluded on or about September 19, 2013.

9. Defendant created a report upon the conclusion of the Commander's Inquiry.

### Parrett Submitted a FOIA Request to the Army Regarding the Commander's Inquiry

10. On January 14, 2014, Parrett, through counsel, submitted a written FOIA request via first class mail to Defendant for agency records to the published address that Defendant directs such records requests.

11. In her records request Parrett described with specificity the following agency records:

   a. Copies of all documents, including emails, referring to or relating to the 15-6 investigation regarding Stephanie Parrett's allegations of sexual assault and

sexual harassment by Anthony Reed, conducted in/about July 2013. This request includes any report generated as a result of the above-referenced 15-6 investigation.

12. Parrett is neither a fugitive from the law, nor is she a representative of a domestic or foreign government; therefore she is not exempted from eligibility to making a records request pursuant to Defendant's policy Army Regulation 25-55 §1-401.

13. Parrett's request conformed to all lawful requirements in making such a request for records of Defendant.

14. On January 27, 2014, Defendant contacted Parrett via telephone to confirm the costs for the search for and production of the requested emails and report.

15. On February 2, 2014, Parrett informed Defendant that she would limit her request to only the report created as part of the Commander's Inquiry.

16. On February 3, 2014, Defendant provided its written Initial Response via electronic mail. In the Initial Response, Defendant accurately stated the correct scope of Parrett's FOIA request.

17. On February 7, 2014, Defendant provided its Initial Fee Assessment Response charging $39.75 to Parrett for search and copy fees.

18. In response, Parrett provided a check via first class mail on February 14, 2014 in the amount of $39.75 for the costs associated with the FOIA request.

19. Bank records indicate that Defendant deposited Parrett's check on March 3, 2014.

20. On February 20, 2104, Defendant the Army requested an extension of the time to provide its response on or before February 28, 2014.

21. Parrett granted Defendant's request for an extension of time.


**Defendant Improperly Redacted Nearly All of the Documents Produced**

22. On February 28, 2014, Defendant provided its initial release of information in response to Parrett's FOIA request via the United States Army Aviation and Missile Research Development and Engineering Center Safe Access File Exchange.

23. Defendant redacted the names of the investigator, the legal advisor assigned to the investigation, and the Army point of contact for the investigation from the memorandum assigning the investigator, citing exemptions under 5 U.S.C. §§ 552(b)(5)-(7)(a) & (c).

24. The Army redacted all of the findings of the investigator, citing exemptions under 5 U.S.C. §§ 552(b)(5)-(7)(a) & (c).

25.     The Army redacted nearly all of the information contained in the report including the names of witnesses, questions asked of the witnesses, the responses of the witnesses, the documents provided by witnesses other than Parrett, and the letterhead on some of the included documents, citing exemptions under 5 U.S.C. §§ 552(b)(5)-(7)(a) & (c).

26. The Army stated that final determination regarding the release of information would be made by the Initial Denial Authority in the Office of the Judge Advocate General, U.S. Army. The letter further stated that the Office of the Judge Advocate General would contact Parrett soon after the initial release of information.

**The Office of the Judge Advocate General Failed to Respond to
Parrett's Administrative Appeal**

27. The Office of the Judge Advocate General failed to contact Parrett after the initial release of information on February 28, 2014.

28. On June 20, 2014, Parrett sent a letter to the Office of the Judge Advocate General via first class mail. In this letter, Parrett requested an update on the status of her FOIA request.

29. On June 24, 2014, the Office of the Judge Advocate General responded to Parrett via electronic mail. In its response, the Office of the Judge Advocate General stated that in its initial release Defendant redacted the names of third parties pursuant to Exemption 6. The Office of the Judge Advocate General asked Parrett if she was satisfied with the information produced in the initial release.

30. On August 11, 2014, Parrett sent a request for review to the Office of the Judge Advocate General via electronic mail.

31. In her request, Parrett asked the Office of the Judge Advocate General to review and explain the extensive redactions in the initial release. Parrett also asked for an explanation for the citations to Exemption 5 in the initial release. Parrett further requested review of the use of Exemption 6.

32. On August 12, 2014, the Office of the Judge Advocate General acknowledged Parrett's request for review and stated that the office would determine if additional information could be released to Parrett. The Office of the Judge Advocate General stated that Parrett's request was number 14 in the queue and that it could not provide an estimate of when a response would be provided.

33. On October 14, 2014, Parrett sent a written request for a status update to the Office of the Judge Advocate General via electronic mail.

34. The Office of the Judge Advocate General did not respond to Parrett's October 14, 2014 request.

35. On December 30, 2014, Parrett sent a second written request for a status update to the Office of the Judge Advocate General via electronic mail.

36. The Office of the Judge Advocate General responded via electronic mail on the same day. In its response, the Office of the Judge Advocate General stated that an attorney was reviewing the case and that a final supervisory review would be needed after the attorney review was completed.

### Parrett Has Exhausted Her Administrative Remedies

37. Paragraphs 1-36 above are hereby fully incorporated by reference as if set forth fully herein.

38. It has been 123 business days since the Army received Parrett's administrative appeal.

39. The Army failed to make a determination about Parrett's administrative appeal within the 20 business day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii).

40. The Army's failure to respond within the statutory limit constitutes a constructive denial of Parrett's request.

### Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

41. Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42. The Army's response to Parrett's FOIA request violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

43. Parrett has exhausted the applicable administrative remedies with respect to her FOIA request.

44. Parrett is entitled to injunctive relief compelling the release, disclosure of the requested documents, and reasonable attorneys' fees.

## Count II

### Violation of FOIA: Failure to Disclose and Release Records Responsive to Parrett's Request

45. Paragraphs 1-44 above are hereby incorporated by reference as if set forth fully herein.

46. By failing to disclose and release the requested records in full, the Army has violated Parrett's right to agency records under 5 U.S.C. § 552.

47. Parrett has exhausted the applicable administrative remedies with respect to her FOIA request.

48. Parrett is entitled to injunctive relief compelling the release, disclosure of the requested documents and reasonable attorneys' fees.

### Requested Relief

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to produce all responsive agency records within 10 business days of the Court's Order in this matter;

2. Award Plaintiff her costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

3. Issue declarative relief in the form of a written finding that the circumstances surrounding the withholding raise questions of whether Defendant's personnel acted arbitrarily and capriciously; and,

4. Grant other such relief as the Court may deem just and proper.

Respectfully submitted,

Gary M. Gilbert, Esq.
Bar Number: MD15808
The Law Offices of Gary M. Gilbert

& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, D 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: gary@ggilbertlaw.com

_____
Meghan A. Droste, Esq.
Bar Number: 1010673
The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, D 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: mdroste@ggilbertlaw.com

_____
Kevin L. Owen, Esq.
Bar Number: MD16693
The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, D 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: kowen@ggilbertlaw.com

/s/ Alexis N. Tsotakos
_____
Alexis N. Tsotakos, Esq.
Bar Number: 1000876
The Law Offices of Gary M. Gilbert
& Associates, P.C.
1100 Wayne Avenue, Suite 900
Silver Spring, D 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: atsotakos@ggilbertlaw.com

Dated: February 9, 2015                    Attorneys for Plaintiff